MEMORANDUM *
Brad Chinn appeals the district court’s dismissal of his 42 U.S.C. § 1983 action against the City of Spokane, Mary Verner, Joe Shogan, Nancy McLaughlin, Mike Allen, A1 French, Steve Corker, and Richard Rush for wrongful retaliation in violation of the First Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court’s dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), see Williamson v. Gen. Dynamics Corp., 208 F.3d 1144, 1149 (9th Cir.2000), and affirm.
To recover under section 1983 for retaliation in violation of the First Amendment, a plaintiff must establish that: “(1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action.” Blair v. Bethel Sch. Dist., 608 F.3d 540, 543 (9th Cir.2010). But Chinn’s case, like the plaintiffs case in Blair, “is not a typical First Amendment retaliation case” because the “ad *675 verse action” being challenged “was taken by his peers in the political arena.” Id. at 543. Chinn, like the plaintiff in Blair, “has little in common with the[ ] prototypical plaintiffs” in First Amendment retaliation cases, such as the “government worker who loses his job as a result of some public communication critical of the government entity for whom he works,” or the “regulated entity that is stripped of its business license after engaging in speech that displeases the regulator.” Id. at 544 (internal citations omitted). Chinn, by contrast, had his appointment revoked through the ordinary functioning of the judicial-confirmation process. Furthermore, as was the case in Blair, Chinn “isn’t the only party in this case whose interests implicate First Amendment concerns.” Id. at 545. While Chinn undoubtedly had a First Amendment right to file a land use petition protesting a proposed zoning change, the city council members had the corresponding right to confirm a nominee they viewed as most fit for the municipal court judgeship, and Mayor Verner had the right to choose a municipal court nominee who the city council would confirm. Id. at 545-46; see also Stella v. Kelley, 63 F.3d 71, 75 (1st Cir.1995) (“Voting by members of municipal boards, commissions, and authorities comes within the heartland of First Amendment doctrine, and the status of public officials’ votes as constitutionally protected speech [is] established beyond peradventure of doubt....”). Finally, as we noted in Blair, “we expect political officials to cast votes in internal elections in a manner that is, technically speaking, retaliatory, i.e., to vote against candidates whose views differ from their own.” 608 F.3d at 544. Although the city council members never cast on-the-record votes against Chinn’s confirmation, that distinction alone does not save his claim. To accept Chinn’s argument would be to hold that the First Amendment prohibits elected officials from choosing not to confirm, or appoint, judicial officials whose speech or views they don’t embrace. See id. at 544-45. But “[e]xperience and political reality convince us this argument goes too far; the First Amendment does not succor casualties of the regular functioning of the political process.” Id. at 545. Therefore, even if the defendants’ actions towards Chinn stemmed from his filing of a land use petition against the City of Spokane, their actions “did not amount to retaliation in violation of the First Amendment.” Id. at 546. Because we affirm the district court’s dismissal on the ground that Chinn fails to state a claim pursuant to Rule 12(b)(6), we need not address whether the defendants are entitled to absolute legislative immunity.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.